## HARTLEY, *Ex-parte.*

Under our statute, an attorney cannot make affidavit for the purpose of holding a defendant to bail. The affidavit must be made by the plaintiff himself.

THIS was an application to this Court for a writ of habeas corpus, made by Amos Hartley, who was confined in prison in a civil suit,

Hartley, *Ex-parte.*

wherein he had been held to bail on the affidavit of plaintiff's attorney. Several questions were presented, and argued by *Pike & Baldwin,* for the petitioner, and *Cummins,* contra; but the only one decided was as to the sufficiency of the affidavit.

*By the Court,* LACY, J. Waiving any decision upon the points whether or not the party should be discharged, on account of the execution being made returnable on a day unauthorized by the statute, or in having filed his petition in the District Court of the United States, for this State, to be declared a bankrupt, under the laws of Congress, we shall proceed to consider and settle the question presented by the sufficiency or insufficiency of the affidavit to justify the imprisonment of the body of the defendant. The statute upon this point is explicit and imperative. It requires the plaintiff in the action to make affidavit that he has reason to believe he is in danger of losing his debt, by the defendant secreting his property, or putting it out of his hands, or withdrawing himself beyond the jurisdiction of the court. Upon the making of this affidavit, the clerk is authorized and directed to insert a clause in the execution, commanding the body of the defendant to be seized and held in custody, unless sufficient goods, chattels, or real estate, can be found to satisfy the execution. *Rev. St., p.* 374, *sec.* 3. In the present instance, it was the attorney for the plaintiff in the suit, and not the plaintiff himself, who made the affidavit. This the statute does not authorize; it expressly declares that the plaintiff should make the affidavit; and it nowhere intimates that any other person will be allowed to make it for him. The body cannot be taken in execution, unless the plaintiff believes, for the cause above stated, that he is about to lose his debt. The attorney cannot know what is the belief of the plaintiff in the subject. Each individual's belief is a matter depending upon evidence superinducing that belief, and confined to his own heart, that no one but himself can know or verify. The debtor cannot be deprived of his personal liberty without the belief of the creditor, supported by his own oath, and not that of his attorney. Consequently, there was no authority to issue the execution to take the body of the defendant,

and therefore his imprisonment was unlawful, and he must be discharged from custody.